IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    21-CV-00827-NYW

ESTATE OF JOHN KOWALSKI, by and through its Personal Representative
DENISE KOWALSKI
Plaintiff,

v.

MARIO GONZALEZ
GREG BENNETT
SCOTT TABORSKY
CHRISTINA MESSER
DESIREE SALAZAR
BRIANDA MANCHA, and
WELLPATH, LLC
Defendants.

---

## WELLPATH DEFENDANTS' MOTION FOR PARTIAL DISMISSAL PURSUANT TO Fed.R.Civ.P. 12(b)(6)

---

Defendants, Wellpath, LLC, Christina Messer, Desiree Salazar, and Brianda Mancha, by their attorneys, Craig A. Sargent and David A. Belsheim of Hall & Evans, LLC, respectfully move for an Order pursuant to Fed.R.Civ.P. 12(b)(6), dismissing (1) Plaintiff's Third Claim for Relief asserting direct claims of negligence against Wellpath, LLC; and (2) any claim for punitive damages against Wellpath LLC.

### CERTIFICATE OF CONFERRAL

Counsel for the Wellpath Defendants conferred with opposing counsel on the relief sought in this motion and asked if Plaintiff counsel will stipulate to the dismissal of the direct claims against Wellpath. Plaintiff counsel refused and opposes the relief requested in this Motion.

1

**INTRODUCTION**

This is a state common law negligence claim brought by Plaintiff, the personal representative of the Estate of John Kowalski ("Mr. Kowalski") against Defendant Wellpath, LLC ("Wellpath"), and the individual medical Defendants pursuant to 28 U.S.C. §1367. This claim is a pendant state negligence claim to the civil rights claims Plaintiff brings under 42 U.S.C. §1983 against the Sheriff Defendants [Doc. 1].

This lawsuit arises out of Mr. Kowalski's incarceration at the Jefferson County Detention Facility ("JCDF") for three days between March 18-20, 2019. Plaintiff filed this action on March 20, 2021. On January 3, 2022, Magistrate Judge Wang granted, in part, the Sheriff Defendants' Motion to Dismiss and dismissed Plaintiff's *Monell* claim against Defendant Shrader. The Court ordered Plaintiff to file an Amended Complaint amending only the constitutional bases of its surviving claims against the Sheriff Defendants. [Doc. 67]. Plaintiff then filed her First Amended Complaint. [Doc. 68]. The claims against Wellpath and the individual medical Defendants did not change.

Plaintiff asserts in her Third Claim for Relief that Wellpath employed the medical Defendants Messer, Salazar, and Mancha and is responsible for their acts and/or omissions under the doctrine of *respondeat superior*. [Doc. 68. at ¶ 114]. The Wellpath Defendants admitted that Wellpath was liable for its employee's actions. [Doc. 72 at ¶ 28]. In addition to the vicarious liability claim, Plaintiff asserts that Wellpath was directly negligent in failing to enact sufficient or appropriate policies, practices, training, record-keeping, or communication regarding inmate health needs to treat and provide appropriate care regarding inmate medical issues in a timely and/or reasonably comprehensive manner [Doc. 68 at ¶ 115] and that Wellpath was negligent in training and supervising medical staff with regard to disease, symptoms of a disease, recognizing

signs of the life-threatening-illness(es), and responding appropriately so that medical care, follow up care, medication, and/or proper attention could be readily provided to inmates who complained of and suffered from the type of medical problems of which Kowalski suffered. [Doc. 68 at ¶ 121].

Colorado law provides that direct negligence claims against an employer, i.e. Wellpath, do not survive where there are allegations of vicarious liability (i.e. *respondeat superior*) and where the employer admits liability for the employee's actions, as Wellpath has done here. *Ferrer v. Okbamicael*, 390 P.3d 836, 2017 CO 14M (Colo. 2017).[1] Accordingly, Plaintiff's Third Claim for relief of direct negligence against Wellpath should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). By Plaintiff's allegations in the First Amended Complaint, Defendants' admissions in their Answer to that First Amended Complaint, and application of the Colorado Supreme Court's holding in *Ferrer*, Plaintiff's direct negligence claims against Wellpath are rendered "duplicative and unnecessary," and expose Wellpath to prejudicial claims for "two-bites at the apple" where such admissions have been made early-on. *Ferrer*, 390 P.3d at 849-850. Any claim for punitive damages is also barred against Wellpath pursuant to *Ferrer*.

## LEGAL STANDARDS

### I. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir.

---

[1] CRS 13-21-111.5(1.5) overturned *Ferrer* but only went into effect on September 7, 2021 and only applies to cases filed after September 7, 2021. This case was filed on March 20, 2021 before the effective date of CRS 13-21-111.5(1.5) and therefore *Ferrer* still applies to this case.

2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### A. Colorado State Law Applies to Plaintiff's State Direct Negligence Claims Against Wellpath

A federal court applies the substantive law, including choice of law rules, of the forum state when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit. *Bancoklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999); see also See *Hislop v. Paltar Petro. Ltd., No*. 17-cv-02371-RBJ, 2018 U.S. Dist. LEXIS 177602 (D. Colo. Oct. 16, 2018). The Court in *Hislop* stated:

> For present purposes, the Court assumes that it has federal question jurisdiction under 28 U.S.C. § 1331 because plaintiffs assert a RICO claim. Also, for present purposes, the Court assumes that it has supplemental jurisdiction over the five state-law claims per 28 U.S.C. § 1367. This is relevant to the choice of law inquiry. For the federal question claim, I will apply federal common law. [Citations omitted]. "Absent guidance from Congress, federal courts apply the choice of law rules found in the Restatement (Second) of Conflicts of Law." *Id*. RICO contains no such guidance concerning choice of law rules. For the supplemental jurisdiction claims, I apply the choice of law rules of the forum state. *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

## II. *Ferrer*

*Ferrer* is the controlling case for the relief the Wellpath Defendants request. In *Ferrer,* the plaintiff was struck by Defendant Okbamicael who was proceeding through the intersection in a taxi cab while driving for his employer, Yellow Cab Taxi Co. Plaintiff sued both

Okbamicael for negligence, and Yellow Cab for vicarious liability under the doctrine of *respondeat superior*; direct negligence; common carrier liability; negligent entrustment; and negligent hiring, retention, supervision and training.

Yellow Cab admitted Okbamicael was an employee acting within the course and scope of his employment and moved to dismiss the direct negligence claims against it under the *McHaffie* Rule. *See McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995) (employer's admission of vicarious liability, *i.e.,* course and scope, for an employee's alleged negligence bars a plaintiff's direct negligence claims against the employer). The trial court granted the motion and denied the plaintiff's motion to amend to add claims of exemplary damages. The court reasoned that once an employer has admitted course and scope, the bounds of its liability are limited to that of the employee's alleged negligence. To allow a given plaintiff to maintain additional claims for direct negligence against the employer is contrary to policy and would result in prejudicial inferences, duplicative recovery, and general injustice to the employer. *See Ferrer*, 390 P.3d at 844-46. The Colorado Supreme Court also upheld the trial court's denial of plaintiff's motion for leave to add a claim for exemplary damages. *Id.* at 850. The Colorado Supreme Court held that a plaintiff's direct negligence claims against the employer are **barred**. *Id.* at 841-42, reasoning, at 845:

> The pursuit of both vicarious liability and direct negligence claims against an employer after it has conceded *respondeat superior* liability for any of its employee's negligence is also superfluous to the plaintiff's recovery; the direct negligence claims will not increase the plaintiff's damages. Where an employer acknowledges *respondeat superior* liability, the employer becomes strictly liable for one hundred percent of the damages attributable to the employee's negligence. *McHaffie*, 891 S.W.2d at 826. The fact that a plaintiff is the "master of her complaint" and may assert multiple theories of attaching liability to an employer for the employee's conduct does not mean that a plaintiff should be permitted to introduce evidence supporting those multiple theories where such evidence would serve only to establish that which is already undisputed: that the employer is liable for the plaintiff's damages caused by the employee's negligent acts.

Following the decision in *Ferrer*, federal District Courts for the District of Colorado have followed Colorado law and applied *Ferrer* and the *McHaffie* Rule and dismissed negligence claims where an employer acknowledged liability for its employees' actions. See *Lawton v. Hotspur Sports Co.*, Civil Action No. 16-cv-00570-RM-KMT, 2017 U.S. Dist. LEXIS 231175 ** 10-13 (D. Colo. May 2, 2017)(where defendant concedes vicarious liability then claims of negligent hiring, supervision and training are subject to dismissal under *Ferrer*); *Estate of Grubbs v. Weld Cty. Sheriff's Office*, Civil Action No. 16-cv-00714-PAB-STV, 2018 U.S. Dist. LEXIS 106775 (D. Colo. June 26, 2018) ("*Ferrer* establishes that a plaintiff may not pursue claims for direct negligence against an employer who has admitted vicarious liability for the negligent acts of its employee"). At least one Colorado District Court followed the *McHaffie* Rule even prior to the *Ferrer* decision. See *O'Donnell v. Sullivan*, No. 10-cv-00133-LTB-MJW, 2010 U.S. Dist. LEXIS 80873 (D. Colo. June 23, 2010)(applying *McHaffie* Rule and dismissing negligence claims against driver's employer where employer admitted vicarious liability for driver).

Recently in *Trujillo v. May Trucking*, Civil No. 18-CD 00908- STV, 2019 WL 5684213, at 3 (D Colo. Nov. 1, 2019), the Court stated:

> May Trucking moves to dismiss Plaintiff's negligent hiring claim ("Claim Two") and negligent entrustment claim ("Claim Three"), pursuant to the rule articulated in *McHaffie v. Bunch*. 891 S.W.2d 822 (Mo. 1995). [#46] Under the *McHaffie* Rule, once an employer admits respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability. 891 S.W.2d at 826. May Trucking argues that because it has admitted respondeat superior liability here, Plaintiff should not be permitted to proceed on Claims Two and Three. [#46]

> The Colorado Supreme Court adopted the *McHaffie* Rule in *Ferrer v. Okbamicael*. 390 P.3d 836 (Colo. 2017). The *Ferrer* Court provided several rationales for adopting the rule. First, the *Ferrer* Court explained that "where the employer has already conceded it is subject to *respondeat superior* liability for any negligence of its employee, direct negligence claims become superfluous." *Id*. at 844. "Stated

6

differently, both vicarious liability and direct negligence claims are tethered to the employee's tortious acts" and, as a result, "[o]nce the principal has admitted its liability under a *respondeat superior* theory . . . the [direct] cause of action . . . is duplicative and unnecessary." *Id*. at 845 (quotation omitted). Second, the *Ferrer* Court explained that allowing both the direct and *respondeat superior* causes of action to proceed to a jury could cause the jury to assess or apportion a principal's liability twice. *Id*. Finally, the *Ferrer* Court expressed concern that allowing the direct negligence claim to proceed to a jury could be unfairly prejudicial to a defendant employee because evidence of the employer's negligent hiring could lead to the admission of evidence about the employee's past conduct. *Id*. The *Ferrer* Court explicitly used negligent hiring and negligent entrustment as examples of improper claims once the employer admits vicarious liability. *Id*. at 844, 845.

Also, in *Burgard v. TP Enters*, Civil Action No. 17-cv-02537-MSK-SKC (D. Colo. Jan 17, 2020), the Court stated:

> These factual statements demonstrate that Mr. Burgard asserts this direct negligence claim against Mr. Morales based on his operation of the forklift and against TP Enterprises as his employer under the doctrine of *respondeat superior*. *See Connes v. Molalla Transport System*, *7 Inc*., 831 P.2d 1316, 1320 (Colo. 1992). It is undisputed that in its Answer, TP Enterprises conceded it is vicariously liable for any negligence of its employee, Mr. Morales. Thus, pursuant to *Ferrer*, any direct negligence claim asserted against TP Enterprises cannot stand because it is "redundant and wasteful." *Ferrer*, 390 P.3d at 844-45.

> A claim for negligent hiring or supervision under Colorado law consists of the same elements of negligence—duty, breach, injury, causation—and the establishment of an agency relationship between the employer and alleged employee. *Moses v. Diocese of Colorado*, 863 P.2d 310, 324 (Colo. 1993). The *Ferrer* Court specifically addressed negligent hiring and supervision claims, stating that "an employer's negligent act in hiring, supervision and retention, or entrustment is not a wholly independent cause of the plaintiff's injuries, unconnected to the employer's negligence." *Ferrer*, 390 P.3d at 844. Thus, a plaintiff has no cause of action against the employer for negligent supervision or hiring "unless and until the employee's own negligence causes an accident." *Id*. Applying *Ferrer* to this case, the Court finds Mr. Burgard's negligent supervision and hiring claims must be dismissed.

More recently the Court in *Delisa v. Walker*, Civil Action No. 19-cv-03592-PAB-STV, at *4 n.3 (D. Colo. Aug. 20, 2020) stated:

> The Court agrees with defendants and finds that plaintiff's negligent entrustment, negligent hiring and retention, negligent training and supervision claim must be dismissed because they are the exact claims barred under the rule adopted by the

Colorado Supreme Court in *Ferrer*. "An employer's negligent act in hiring, supervision and retention, or entrustment is not a wholly independent cause of the Plaintiff's injuries, unconnected the employer's negligence. A plaintiff has no cause of action against the employer for negligent hiring, for example, unless and until the employee's own negligence causes an accident." *Ferrer*, 390 P.3rd at 844; *see also Trujillo v. May Trucking*, No 18-CD 00908- STV, 2019 WL 5684213, at 3 (D Colo. Nov. 1, 2019)(dismissing plaintiff's negligent hiring and negligent entrustment claims pursuant to *Ferrer* where employer had admitted *respondeat superior* liability for driver's negligence). Because plaintiff's direct negligence claims against JPVS are based on [the employee's] alleged negligence [cites to Docket Nos omitted] and because the defendants have conceded *respondeat superior* liability for any [of the employee's] alleged negligence [cites to Docket Nos omitted], Plaintiff's direct negligence claims are "duplicative and unnecessary" *Ferrer*, 390 P.3rd at 849.

## ARGUMENT

### A.  Plaintiff's Direct Negligence Claims Must Be Dismissed Pursuant to *Ferrer*

Plaintiff's Third Claim for Relief asserting direct negligence claims against Wellpath must be dismissed under *Ferrer* and Fed.R.Civ.P. 12(b)(6). Wellpath has admitted vicarious liability for its employees. Therefore, *Ferrer* operates here to provide for the dismissal of Plaintiff's direct negligence claims against Wellpath for alleged negligence in failing to enact sufficient or appropriate policies, practices, training, record-keeping, or communication regarding inmate health needs to treat and provide appropriate care regarding inmate medical issues in a timely and/or reasonably comprehensive manner [Doc. 68 at ¶ 115] and for alleged negligence in training and supervising medical staff with regard to disease, symptoms of a disease, recognizing signs of the life-threatening-illness(es), and responding appropriately so that medical care, follow up care, medication, and/or proper attention could be readily provided to inmates who complained of and suffered from the type of medical problems of which Kowalski suffered. [Doc. 68 at ¶ 121]. Such claims for direct negligence against Wellpath as the employer are thus "duplicative and unnecessary" and therefore subject to dismissal.

Here, Plaintiff asserts direct negligence claims against Wellpath and alleges that Wellpath is vicariously liable for its employees. Wellpath has admitted liability for the actions and/or omissions of its employees. [Doc. 72 at ¶ 28]. Accordingly, Plaintiff's direct negligence claims against Wellpath are barred and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## B.   Plaintiff's Claim for Punitive Damages Against Wellpath Should be Dismissed

Plaintiff's claim for exemplary damages in its prayer for relief should also be dismissed as to Wellpath. The *Ferrer* Court explicitly rejected any exception which would allow for an exemplary damage claim against an employer where the direct negligence claims have been dismissed. 390 P.3d at 848. As the court in *Trujillo v. May Trucking* stated: "And, once again, this Court cannot ignore the Colorado Supreme Court's mandate." *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 875 (10th Cir. 2013); *Haffner v. Stryker *6 Corp.*, No. 14-cv-00186-RBJ, 2014 WL 4821107, at *2 (D. Colo. Sept. 29, 2014). In rejecting this claim for exemplary damages where the employer has admitted vicarious liability and the Court has dismissed direct negligence claims, the *Ferrer* court stated at 848:

> We reject any exception to the rule where the plaintiff asserts exemplary damages against the employer. Such an exception is not logically consistent with the rule. Exemplary damages do not present a separate, distinct cause of action, but rather, depend on an underlying claim for actual damages. *See Palmer v. A.H. Robins Co.* 684 P.2d 187, 213–14 (Colo. 1984) ("[I]t is not a separate and distinct cause of action. Rather, it is auxiliary to an underlying claim for actual damages."). Section 13-21-102 "by its own terms ... has no application in the absence of a successful underlying claim for actual damages." *Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123, 1127 (Colo. 1982); *see also Armijo v. Ward Transp., Inc.*, 134 Colo. 275, 302 P.2d 517 (1956); *Ress v. Rediess,* 130 Colo. 572, 278 P.2d 183 (1954). In short, section 13-21-102 "does not create an independent cause of action, but merely authorizes increased damages ancillary to an independent claim for actual damages." *Palmer*, 684 P.2d at 214.

> . . . where an employer acknowledges *respondeat superior* liability for any negligence of its employee, the *McHaffie* rule bars direct negligence claims against the employer. Because any direct negligence claims against the employer are barred, there can be no freestanding claim against the employer on which to base

exemplary damages. A plaintiff cannot simply resurrect direct negligence claims against the employer by asserting a claim for exemplary damages against the employer. We therefore decline to recognize any exception to the *McHaffie* rule for when a plaintiff claims exemplary damages against the employer.

This Court is bound to apply Colorado law of *Ferrer* and must dismiss Plaintiff's Third Claim for Relief as it asserts direct negligence claims and any claim for punitive damages against Wellpath pursuant to Fed.R.Civ.P. 12(b)(6).

### CONCLUSION

WHEREFORE, Defendants, Wellpath, Christina Messer, Desiree Salazar, and Brianda Mancha respectfully request that this Court grant this Motion and dismiss Plaintiff's Third Claim for Relief against Wellpath and dismiss any claim for punitive damages against Wellpath. Defendants request any additional relief allowed by law including but not limited to attorneys' fees and costs and any further relief this Court approves.

Respectfully submitted this 7th day of April 2022.

> *s/ Craig A. Sargent*
> Craig A. Sargent, Esq.
> David A. Belsheim, Esq.
> Hall & Evans, LLC
> 1001 Seventeenth Street, Suite 300
> Denver, Colorado 80202
> sargentc@hallevans.com
> belsheimd@hallevans.com
> (303) 628-3300 – phone
> (303) 628-3368 – fax
> *ATTORNEYS FOR DEFENDANTS*
> *WELLPATH, LLC, CHRISTINA MESSER,*
> *DESIREE SALAZAR and BRIANDA MANCHA*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 7th day of April 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Raymond K. Bryant, Esq.
Rachel B. Maxam, Esq.
Zach Shiffler, Esq.
Civil Rights Litigation Group, PLLC
1543 Champa Street, Suite 400
Denver, Colorado 80202
*Attorneys for Plaintiff*

Gordon L. Vaughan, Esq.
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, Colorado 80903

David R. DeMuro, Esq.
Vaughan & DeMuro
720 South Colorado Boulevard
Penthouse, North Tower

Denver, Colorado 80246
*Attorneys for Defendant Mario Gonzalez*

Eric M. Ziporin, Esq.
Tiffany Toomey, Esq.
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
*Attorneys for Defendant Scott Taborsky*

Patrick D. Tooley, Esq.
Frank W. Suyat, Esq.
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, Colorado 80203
*Attorneys for Defendant Greg Bennett*

*s/ Laura Buckingham*
Legal Assistant

11